968 F.2d 1222
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Milorad KORAC, Defendant-Appellant.
 No. 91-50359.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1992.*
Decided July 14, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Milorad Korac appeals the district court's denial of his motion to suppress evidence. The court held that Dutton's frisk of Korac was permissible under Terry v. Ohio, 392 U.S. 1 (1968). We affirm.
 
 
 3
 In United States v. Homburg, 546 F.2d 1350, 1353 (9th Cir.1976), cert. denied, 431 U.S. 940 (1977), we recognized that Terry is applicable to airport searches. We balanced the governmental interest that justified the search of Homburg's suitcase against the invasion that the search entailed and concluded that the search was reasonable in light of the threat that Homburg presented. See id. at 1353. In United States v. Thomas, 863 F.2d 622, 628 (9th Cir.1988), we reiterated that a Terry frisk is justified if "a reasonably prudent person in the circumstances would be warranted in the belief that his or her safety or that of others was in danger."
 
 
 4
 Searching a suspect's person is inherently more instrusive than searching his or her property, but Dutton's frisk of Korac was sufficiently justified by the possible threat that Korac presented. Dutton was informed that Korac had activated the magnetometer and hand wand and still possessed undisclosed metal. Dutton observed two bulges in the lower back of Korac's jacket. He examined the bulges only after Korac declined to identify the concealed objects. Under the circumstances, a reasonably prudent person could conclude that his or her safety or that of others was in danger. See id.
 
 
 5
 Korac relies on United States v. Albarado, 495 F.2d 799 (2d Cir.1974). In Albarado, the Second Circuit held that "the frisk in the typical boarding situation ... is to be used only in the last instance." Id. at 809 (emphasis supplied). Dutton did not frisk Korac prematurely. Dutton first asked Korac to identify the concealed objects. He then examined the bulges through Korac's jacket. Finally, Dutton raised Korac's jacket only because his examination revealed what he reasonably suspected was an explosive device. The frisk was properly limited "to that which was necessary for discovery of the [suspected] explosives." Homburg, 546 F.2d at 1354. Albarado is inapposite.
 
 
 6
 Korac argues that Dutton's frisk was improper because Dutton was able to search him only because he was wrongfully detained by airport security agents. Although administrative searches are subject to the Fourth Amendment's reasonableness requirement, see United States v. $124,570 U.S. Currency, 873 F.2d 1240, 1243 (9th Cir.1989), "[s]o long as the government officials conducting the searches pursue a single-minded objective--air safety-- ... the searches will, almost by definition, be no more intrusive than is necessary to achieve air safety." Id. at 1245. The security agents briefly detained Korac solely to determine whether he was carrying explosives. We understand Korac's argument, but, if Korac was seized, the seizure was not unreasonable.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3